1  J. RANDALL JONES, ESQ. (#1927)
   KEMP, JONES & COULTHARD LLP
2  3800 Howard Hughes Parkway, 17th Floor
   Las Vegas, Nevada 89169
3  Tel/Fax: (702) 385-6000/(702) 385-6001

4  ROBERT C. MADDOX, ESQ. (#4002)
   MADDOX, ISAACSON & CISNEROS, LLP
5  3811 W. Charleston Blvd, #110
   Las Vegas, Nevada 89102
6  Tel/Fax: (702) 366-1900/(702) 366-1999

7  SCOTT K. CANEPA, ESQ. (# 4556)
   CANEPA RIEDY & RUBINO
8  851 S. Rampart Blvd., #160
   Las Vegas, Nevada 89145
9  Tel/Fax: (702) 304-2335/(702) 304-2336

10 FRANCIS I. LYNCH, ESQ. (# 4515)
   LYNCH, HOPPER & SALZANO, LLP
11 1640 Alta Drive, Suite #11
   Las Vegas, Nevada 89106
12 Tel/Fax: (702) 868-1115/(702) 868-1114

13 JAMES D. CARRAWAY, ESQ. (# 7642)
   CARRAWAY & ASSOCIATES, LLC
14 7674 W. Lake Mead Blvd., #215
   Las Vegas, NV 89128
15 Tel/Fax: (702) 632-1580/(702) 632-1581

16 *Attorneys for Defendant*

17

18             **UNITED STATES DISTRICT COURT**

19             **DISTRICT OF NEVADA**

20 GREYSTONE NEVADA, LLC, a            Case No.: 2:11-cv-1424-RCJ-CWH
   Delaware limited liability company; and
21 U.S. HOME CORPORATION, a
   Delaware Corporation,              **DEFENDANT ANTHEM**
22                                     **HIGHLANDS COMMUNITY**
                       Plaintiff,     **ASSOCIATION'S LIMITED**
23                                     **RESPONSE TO PLAINTIFFS'**
   v.                                  **MOTION TO COMPEL**
24                                     **ARBITRATION**
   ANTHEM HIGHLANDS COMMUNITY
25 ASSOCIATION, a Nevada non-profit
   corporation; and DOE HOMEOWNER
26 ASSOCIATIONS 1-100; and DOE
   HOMEOWNERS 101-5000, inclusive,
27
                       Defendants.
28

# I.

## INTRODUCTION

This declaratory relief action by homebuilders U.S. Home Corp. and Greystone Nevada, LLC ("collectively as "Greystone") against the Anthem Highlands Community Association seeks to determine these parties' rights and obligations under Chapters 116[1] and 40[2] of the Nevada Revised Statutes.[3]  Greystone also seeks to have this Court declare that arbitration agreements that Anthem Highlands' homeowner members – who have not been sued in this lawsuit – allegedly entered into with Greystone are valid and would apply to construction defect claims that those homeowners might have if the Chapter 40 process is not successfully exhausted.  Greystone further seeks to compel those unnamed, non-party homeowners to individually arbitrate their potential claims.[4]  Greystone's instant motion, the 7th filing in this young case, seeks to accomplish in one fell swoop the latter two of these goals.[5]

Greystone has put its cart miles ahead of its horse.  This Court cannot hear, let alone determine, the merits of Greystone's motion because:

- This Court does not have jurisdiction over the subject matter of this declaratory relief action;

- This Court does not have jurisdiction over the unidentified homeowners who allegedly contracted with Greystone to arbitrate their differences; and

---

[1] NRS Chapter 116 is Nevada's Uniform Act regarding common-interest ownership of real property.  *See* NEV. REV. STAT. 116.001, et seq.

[2] As Anthem Highlands explained in its recent Motion, Chapter 40 "is a comprehensive statutory scheme unique to Nevada" and designed for the administration of construction defect claims.  10/31/11 Motion to Dismiss, or Alternatively, Motion for More Definite Statement, Doc. 11 at 09:02-19.

[3] 09/02/11 Complaint, Doc. 1 at ¶¶ 17-31 & 38-42.

[4] *Id.* at ¶¶ 32-37 & 43-46.

[5] *See generally* 10/20/11 Motion to Compel Arbitration, Doc. 7.

1   •   Even if this Court did have jurisdiction, there are no "claims" for this Court to
2       force the unnamed homeowners to individually arbitrate because, as these
        homebuilders readily admit, the Chapter 40 process has not yet been exhausted.[6]

3   As this Court lacks jurisdiction over this action, Greystone has not even sued the

4   homeowners it seeks to compel into arbitration so they have not been brought under the

5   personal jurisdiction of this court, and this request is wildly premature because the

6   Chapter 40 process has not yet been exhausted, Greystone's motion to compel must be

7   denied in its entirety.  Alternatively, this Court must defer further briefing and hearing on

8   the merits of Greystone's motion until the pleading deficiencies raised in Anthem

9   Highlands' pending motion to dismiss and this response have been resolved.

10                                        **II.**

11                                    **ARGUMENT**

12   **A.   This Court Must Resolve All of the Serious Concerns Raised in Anthem
          Highlands' Motion to Dismiss Before it Can Consider Greystone's Motion to
13        Compel Arbitration.**

14   As Anthem Highlands argues in its motion to dismiss, there are serious doubts as

15   to whether this Court has jurisdiction over the subject of this action, and even if it does,

16   that jurisdiction is discretionary and the facts weigh in favor of this Court declining to

17   exercise jurisdiction over this Nevada-law-based declaratory relief action.[7]  Greystone's

18   Complaint also contains substantial pleading errors and it does not even approach the

19   heightened pleading standard required for Federal actions that the Supreme Court

20   announced in *Aschcroft v. Iqbal*[8] and later affirmed in *Bell Atlantic Corp. v. Twombly*.[9]

21   Indeed, Greystone failed to show that it is entitled to any relief because the best this Court

22   can imply from Greystone's inadequately pled Complaint is that it is *possible* arbitration

23   agreements exist between Greystone and the unnamed homeowners and that it is *possible*

24

25   [6] *See e.g.* Complaint, Doc. 1 at ¶¶ 13 & 46.

26   [7] Motion to Dismiss, Doc. 16 at 03:22-11:05.

27   [8] 556 U.S. 662, 129 S.Ct. 1937 (2009).

28   [9] 550 U.S. 544, 127 S.Ct. 1955 (2007).

1  those agreements are valid and pertain to construction defect claims that the homeowners

2  *might* have if the Chapter 40 process is not successfully exhausted.[10]  Of course,

3  Greystone has not named or served any of the very homeowners that it allegedly

4  contracted with for the arbitration of disputes and who, according to Greystone, cannot be

5  represented by Anthem Highlands.[11]  The homeowners are indispensable to this action.

6  These are serious hurdles to the relief Greystone seeks and must be cleared before this

7  Court can begin to consider the merits of this action or Greystone's motion to compel

8  arbitration.

9

10  **B.    There Is No Defendant in this Action Against Whom this Court Can Construe and Enforce the Alleged Arbitration Agreements.**

11      The second fundamental flaw in Greystone's request is that this Court lacks the

12  jurisdiction to compel arbitration against strangers to this lawsuit.  It is a "deep rooted"

13  general rule in this country that "one is not bound by a judgment *in personam* in a

14  litigation in which he is not designated as a party or to which he has not been made a

15  party by service of process."  *Martin v. Wilks*, 490 U.S. 755, 762, 109 S.Ct. 2180 (1980)

16  (collecting cases), *superseded by statute on other grounds*.  "A judgment or decree among

17  parties to a lawsuit resolves issues as among them, but it does not conclude the rights of

18  strangers to those proceedings."  *Id.*  The only exception to this general rule is the "class"

19  or "representative" lawsuit.  *Id.* at 762, n.2 (collecting cases).

20      Attempting to latch onto this exception after it expressly "acknowledges that the

21  [Anthem Highlands] Homeowners are not parties to this action," Motion to Compel, Doc.

22  7 at 3, n.2, Greystone baldly concludes that this Court can decide the merits of its motion

23  and enforce purported arbitration agreements with non-parties to this case simply because

24  Anthem Highlands "is purportedly pursuing the homeowners' claims on their behalf

25  under NRS 116.3102[,]" *id.*, and "counsel for the HOA is attempting to join thousands of

26

27  [10] *See generally* Motion to Dismiss, Doc. 11, entirely incorporated herein by reference.

28  [11] *See* Motion to Dismiss, Doc. 11 at 17:25-20:14.

1  homeowners throughout the valley into a single class action lawsuit. . . ." *Id.* at 02:20-23.

2  The Supreme Court, however, vehemently disagrees:

3      The question [in *Taylor v. Sturgell*[12]] concerned the propriety of
       binding non-parties under a theory of "virtual representation"
4      based on "identify of interests and some kind of relationship
       between parties and nonparties." We rejected the theory
5      unanimously, explaining that it "would 'recogniz[e], in effect,
       a common-law kind of class action.'" Such a device, we
6      objected, would authorize preclusion "shorn of [Rule 23's]
       procedural protections." Or as otherwise stated in the opinion:
7      We could not allow "circumvent[ion]" of Rule 23's protections
       though a "virtual representation doctrine that allowed courts to
8      'create *de facto* class actions at will.'" **We could hardly have
       been more clear that a "properly conducted class action,"**
9      **with binding effects on non-parties, can come about in
       federal courts in just one way—through the procedure set**
10     **out in Rule 23.**

11 *Smith v. Bayer*, 131 S.Ct. 2368, 2380-81 (2011) (emphasis in bold added) (quoting

12 *Taylor*, 553 U.S. at 901).

13     Greystone named and served Anthem Highlands as the only defendant in this

14 action, but because Anthem Highlands is not in privity with Greystone for the alleged

15 arbitration agreements that Greystone is attempting to construe and enforce against the

16 homeowners,[13] those agreements cannot be construed or enforced against Anthem

17 Highlands. Nor can they be construed or enforced against the Greystone homeowners

18 because they have not been named as parties in this case or served by Greystone,[14] no

19 plaintiff class covering them has been certified, and Greystone certainly has not certified

20 under Rule 23 a defendant class in this case. Because Greystone has not even attempted

21 to invoke Rule 23, the "one way" it can legally bind unnamed homeowners, any ruling

22 this Court issues on the merits of Greystone's motion to compel will not and cannot be

23 binding on any of them.

24
       _____

25 [12] 553 U.S. 880, 128 S.Ct. 2161 (2008).

26 [13] Affidavit of Heather R. Thompson ¶ 3 (providing that the arbitration agreements at
   issue were executed only by the "owners" of the homes), attached as Exhibit 2 to Motion
27 to Compel, Doc. 7.

28 [14] *See generally* Complaint, Doc. 1.

1
2

**C.    Greystone's Motion to Compel Is Premature Because these Homebuilders Have Not Exhausted the Chapter 40 Process.**

3       In Nevada, all residential construction defect cases are "Chapter 40 cases."

4    Chapter 40's provisions automatically "apply to any claim that arises . . . as the result of a

5    constructional defect. . . ."  NEV. REV. STAT. 40.635(1).  The Nevada Supreme Court

6    made it clear in *Gonski v. Second Jud. Dist. Ct.* that "NRS Chapter 40's provisions apply

7    to "any" construction defect claims, and the chapter's provisions "prevail over any

8    conflicting law otherwise applicable."  245 P.3d 1164, 1172 (Nev. 2010) (quoting NRS

9    40.635(1) & (2)) (internal citations omitted).  **But to be clear, there is no such thing as a**

10   **"Chapter 40 claim."**  NRS 40.635(4) explains that Chapter 40 does "not create a new

11   theory on which liability may be based."  *See Olsen v. Richard*, 89 P.3d 31 (Nev. 2004)

12   (Chapter 40 preserved Nevada common law at the time of its enactment); *Skender v.*

13   *Brunsonbuilt Constr. & Dev. Co., LLC*, 148 P.3d 710, 715 (Nev. 2006) ("a plaintiff in a

14   constructional defect case may recover on differing theories, but the damages . . . must

15   fall within the categories listed in NRS 40.655").  Thus, there is no "claim" or cause of

16   action that automatically arises when a claimant initiates the Chapter 40 process by

17   serving a contractor with notice of defective construction pursuant to NRS 40.645.  A

18   "claim" arises, if at all, only after the Chapter 40 process is unsuccessfully exhausted and

19   a homeowner or homeowners' association decides to file a lawsuit asserting causes of

20   action to redress the remaining construction defects.

21       Greystone readily admits that the Chapter 40 process between this builder and its

22   potential claimants has not yet been exhausted.[15]  In fact, Greystone itself alleges that the

23   Chapter 40 process has not even begun because it claims that Anthem Highlands' notice

24   is "statutorily defective and fail[s] to provide proper notice. . . ."[16]  The homeowners

25   cannot have a "claim" against Greystone for its defective construction until after the

26

27   [15] *See e.g.* Doc. 1 at ¶¶ 13 & 46.

28   [16] *See id.* at ¶ 19.

Chapter 40 process has been unsuccessfully exhausted, and Greystone admits that the Chapter 40 process has not been exhausted here. Accordingly, Greystone's motion (and claims) attempting to force unnamed homeowners to individually arbitrate their construction defect claims is fatally premature.

### III.

### CONCLUSION

It has not been established that this Court has jurisdiction over this matter. Greystone lacks any authority to have this Court force unnamed, non-parties into arbitration, and, regardless, there are no "claims" to force unnamed homeowners to individually arbitrate because, as Greystone admits, the Chapter 40 process has not been exhausted. This Court must deny Greystone's motion to compel arbitration in its entirety or, at a minimum, defer further briefing and hearing on the motion until the fundamental obstacles discussed herein and in Anthem Highlands' motion to dismiss have been cleared. Should this Court find that it has jurisdiction to reach the merits of Greystone's motion to compel arbitration, Anthem Highlands reserves the right to address the same.

DATED this 4th day of November, 2011.

Respectfully submitted by:

KEMP, JONES & COULTHARD, LLP

*/s/ Carol L. Harris*
J. Randall Jones (#1927)
Carol L. Harris (#10069)
3800 Howard Hughes Pkwy, 17th Fl.
Las Vegas, Nevada 89109
Tel. (702) 385-6000

### CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of November, 2011, the foregoing **DEFENDANT ANTHEM HIGHLANDS COMMUNITY ASSOCIATION'S LIMITED RESPONSE TO PLAINTIFFS' MOTION TO COMPEL ARBITRATION** was served on all counsel of record via the United States District Court, District of Nevada's CM/ECF system.

*/s/ Angela D. Embrey*
An Employee of Kemp Jones & Coulthard, LLP