# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREYSTONE NEVADA, LLC, *et al.*, | |
| Plaintiff, | Case No. 2:11-cv-01424-RCJ-CWH |
| vs. | **ORDER** |
| ANTHEM HIGHLANDS COMMUNITY ASSOCIATION, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Enlarge Time for Service of Third-Party Complaints (#149), filed December 3, 2012.

As noted in Order (#75), these consolidated removed class actions arise out of the installation in new homes of allegedly defective high zinc content brass ("yellow brass") plumbing fittings. Currently pending before the Court is Plaintiffs' request to enlarge the statutory 120-day period for service of third-party complaints on third-party Defendants Executive Plumbing, Inc.; Interstate Plumbing & Air Conditioning; and RCR Plumbing & Mechanical, Inc. It is alleged that the unserved third-party Defendants are plumbing subcontractors who installed the yellow brass plumbing fitting and components that are the subject of this action. The third-party complaints were filed on August 6, 2012. *See* Dkt. (#92) and (#93).

The time limit for service is set forth in Federal Rule of Civil Procedure 4(m), which provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id*. Courts have broad discretion to extend time for service under Rule 4(m). *Efaw v. Williams*, 473 F.3dh 1038, 1041(9th Cir. 2003). The Supreme Court has stated that the 120-day time period for service

contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

The Court has reviewed the motion and finds there is good cause for the requested extension. Although it is not clear whether Plaintiffs requested waiver under Rule 4(d), the undersigned is satisfied that Plaintiffs have exercised diligence in their attempts to serve the unserved third- party Defendants. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enlarge Time for Service of Third-Party Complaints (#149) is **granted**. Plaintiff shall have until **Tuesday, March 5, 2013** to effectuate service.

DATED this 5th day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**