UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREYSTONE NEVADA, LLC et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ANTHEM HIGHLANDS COMMUNITY ) <br> ASSOCIATION, ) <br> ) <br> Defendant. ) <br> ) | 2:11-cv-01424-RCJ-CWH <br><br> **ORDER** |

These consolidated removed class actions arise out of the installation in new homes of allegedly defective high-zinc-content brass ("yellow brass") plumbing fittings.[1]  Pending before the Court is Third-party Defendants' motion to dismiss the First Amended Third Party Complaint.  For the reasons given herein, the Court grants the motion.

---

[1] The cases are factually related to the *Slaughter v. Uponor* case, which has been reversed and remanded, and which is once again pending before the Court.  The Court has not consolidated the present cases with the *Slaughter* case, and the Court of Appeals' ruling in *Slaughter* does not directly affect the present cases, which concern arbitration requirements, as opposed to class action certification and the interplay between Rule 23 and the construction-defect notice procedures under state law.  The Court intends to further consolidate these types of cases into two groups: *Slaughter*-type cases, where homeowners or associations have sued developers, contractors, and manufacturers directly for defects, and *Greystone*-type cases like the present one, where developers have sued homeowners to compel arbitration of construction defect claims based upon arbitration clauses in sales contracts or separate agreements between those developers and homeowners.

I.     FACTS AND PROCEDURAL HISTORY

On or about June 30, 2011, Defendant Anthem Highlands Community Association ("Anthem Highlands") forwarded to Plaintiffs Greystone Nevada, LLC ("Greystone") and U.S. Home Corp. ("U.S. Home") notices of construction defects (the "Notices") pursuant to Nevada Revised Statutes ("NRS") section 116.3102(d) [sic]. (*See* Compl. ¶ 7, Sept. 2, 2011, ECF No. 1).

The Notices stated that Anthem Highlands, in its statutory representative capacity, thereby made the claims against Plaintiffs for construction defects in Anthem Highlands' members' homes based upon the installation of plumbing systems with defective yellow brass components. (*Id.* ¶¶ 8–9). According to the Complaint, each of the individual homeowners in Anthem Highlands (the "Homeowners") had previously entered into arbitration agreements with Plaintiffs, agreeing to arbitrate potential disputes, and these agreements are alleged to be covenants running with the land enforceable against any present owners. (*See id.* ¶ 11).

Plaintiffs sued Anthem Highlands in this Court on five nominal causes of action: (1)–(3) declaratory judgment (impliedly under 28 U.S.C. § 2201); (4) injunctive relief (impliedly under § 2202); and (5) compulsion of arbitration under 9 U.S.C. § 4.[2] Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim, and Plaintiffs moved to compel arbitration, i.e., for offensive summary judgment on the fifth cause of action. The Court denied the motions to dismiss, finding that there was diversity jurisdiction supporting the claims, because Defendants had statutory authority to sue on behalf of the individual homeowners, making them real parties in interest under the rules, whose claim was the aggregate of the claims of the individual parties it represented. The Court also found that Plaintiffs had sufficiently stated a claim. The Court granted the motion to compel arbitration in part, ruling that arbitration

---

[2] In Case No. 2:11-cv-1422, Greystone sued Defendant Fiesta Park Homeowners' Association ("Fiesta Park") upon similar facts, using a substantially identical complaint. The actions have been consolidated, with the present case as the lead case.

was required as to any homeowner who had individually signed the arbitration agreement, but that the arbitration agreement was not a real covenant enforceable against a subsequent purchaser.[3]  The Court left it to the arbitrator(s) whether homeowners could consolidate their arbitration hearings under the arbitration agreement.  The Court refused to dismiss the claims for declaratory and injunctive relief based upon lack of jurisdiction.  Finally, the Court solicited a proposed consolidated judgment compelling arbitration.  Plaintiffs submitted a proposed judgment, which the Court signed.  The Judgment requires arbitration by all homeowners identified in Exhibit A thereto, which lists 271 homeowners (counting tenants-in-common as a single party).  The operative part of the judgment reads:

> IT IS HEREBY ORDERED, ADJUDGED AND DECREED that in accordance with the Court's February 24, 2012 Order, judgment is hereby entered in these consolidated actions against the Homeowners compelling them to arbitrate any and all claims they have related to alleged "yellow brass" plumbing components and systems within their respective Properties, including any and all claims related to the January 27, 2011 and June 30, 2011, NRS 40.600, *et seq.* Notices of Defects forwarded to Plaintiffs by Defendants on behalf of the Homeowners.  The arbitrations must proceed pursuant to the terms of the Arbitration Agreements.
>
> The Court shall retain jurisdiction in these actions over the homeowners listed in Exhibit "A" for the purposes set forth within sections 9 though 16 of the Federal Arbitration Act (9 U.S.C. § 9, *et seq.*).

(J. 2:3–12, Mar. 14, 2012, ECF No. 31).  The parties filed several motions to reconsider, to dismiss, and to stay the case.  The Court denied the motions to reconsider, granted the motions to dismiss the Counterclaim in part, with leave to amend in part, denied the motions to stay, struck a motion to dismiss filed improperly under Case No. 2:11-cv-1422, and order the parties to file a joint status report listing which homeowners are and are not required to arbitrate consistent with the Court's rulings thus far and discussing Article III standing under *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333 (1977).

---

[3]At oral argument, Plaintiffs appeared to retract their argument that the agreements were real covenants and agreed to pursue arbitration only against those homeowners who had signed the agreements.  Plaintiffs have since denied ceding the point.

1  Uponor filed a motion to dismiss the Third Party Complaint against it for lack of Article
2  III standing, impermissible claim-splitting, and (3) failure to state a claim.  The Court granted the
3  motion for impermissible claim splitting under *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d
4  684, 688–89 (9th Cir. 2007).  The Court declined to reconsider its rulings regarding arbitration or
5  the dismissal of the strict liability claim, but it granted reconsideration of its previous denial of
6  Plaintiff's motion to dismiss Defendant's counterclaim for violation of Nevada's Deceptive
7  Trade Practices Act, because Defendants had withdrawn that counterclaim in their opposition to
8  Plaintiff's previous motion to dismiss.  Uponor has now moved to dismiss the Amended Third-
9  Party Complaint (ECF No. 144).

10  **II.     LEGAL STANDARDS**

11  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
12  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of
13  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47
14  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action
15  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule
16  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720
17  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for
18  failure to state a claim, dismissal is appropriate only when the complaint does not give the
19  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*
20  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is
21  sufficient to state a claim, the court will take all material allegations as true and construe them in
22  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th
23  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely
24  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*
25  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.    ANALYSIS**

The Court grants the motion. The Amended Third-Party Complaint is predicated upon Greystone's potential liability on Anthem Highland's or Fiesta Park's Counterclaims. But those Counterclaims are no longer viable in the present case. The Court has consolidated two groups of "yellow brass" cases. First are the *Slaughter*-type cases, where homeowners or HOAs are suing manufacturers, installers, developers, etc. for Chapter 40 construction defects and negligence. Second are the *Greystone*-type cases, where developers have sued homeowners or HOAs to enforce arbitration agreements, in response to having been served with Chapter 40 notices. The Court has permitted the homeowner plaintiffs in the *Slaughter*-type cases to file an

amended consolidated complaint in the *Slaughter* case. If they wish to bring Chapter 40 or negligence claims against Greystone, they may include Greystone as a defendant in the amended consolidated complaint in the *Slaughter* case. The Court is concerned only with the arbitration issue in the *Greystone*-type cases.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss First Amended Third Party Complaint (ECF No. 155) is GRANTED.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge